**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                              Case No. 15-20020-09/10

**GUILLERMO MORALES, and**
**JOSE SORIANO**

    **Defendant.**

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Government's Motion for Reconsideration of the Court's Order Granting Defendant Morales's Motion for Discovery, and Motion for Reconsideration of the Court's Order Granting Defendant Morales's Motion to Extend Time to File Notice of Appeal and Set Deadline (Doc. 298). For the reasons stated below, the Court grants the Government's motion for reconsideration of the Court's Order granting Defendant's motion for discovery as it relates to Defendant Morales, and denies the motion as moot as it relates to Defendant Soriano. Further, the Court denies the Government's motion for reconsideration of the Court's Order granting Defendant Morales's motion to extend time to file notice of appeal and set discovery deadline.

**I.     Procedural Background**

On February 1, 2016, Defendant Guillermo Morales filed his Motion to Dismiss Indictment[1] and Motion for Discovery[2] pursuant to the Department of Justice's *Petite* Policy. Defendant moved the Court to direct the government to provide him with the following:

---

[1] Doc. 190.
[2] Doc. 189.

1

1. Copies of the following documents in the government's possession, custody and control:
    a. If approval before or after this prosecution from the appropriate Assistant Attorney General was sought, the completed Dual Prosecution (*Petite* Policy) form, USAM 9-2.031 requesting this prosecution
    b. If no approval from the appropriate Assistant Attorney General was sought, all Justice Department correspondence, memoranda, notes, emails, and all other records converning commencement of this prosecution in view of defendant's prior Clark County, Kansas prosecution
    c. All motions to dismiss pursuant to the *Petite* Policy the Justice Department filed within the five (5) years next preceding this request.
        i. All court orders addressing said motions
    d. All motions and requests to dismiss pursuant to the *Petite* policy defendants filed in federal cases within the five (5) years next preceding this request
        i. All documents, including memoranda, notes and emails relating to the motions and requests reflecting the Justice Department's considerations thereof and responses thereto.
        ii. All court orders addressing said defense motions and requests to dismiss
2. Facts supporting a substantial federal interest in this second prosecution.
3. Facts disclosing that the prior Clark County, Kansas prosecution left that interest demonstrably unvindicated.[3]

Defendant Jose Soriano joined in Defendant Morales's motions.[4] On July 6, 2016, the Court entered an Order denying Defendant's motion to dismiss and granting Defendant's motion for discovery.[5] The Court explained that a developed record concerning the application of the *Petite* Policy in this case would be necessary if the Tenth Circuit decided to revisit the *Petite* Policy issue on appeal. Thus, the Court granted the discovery request and ordered the Government to comply with the requests for discovery set forth in Defendant's motion.[6]

---

[3] Doc. 189.

[4] Defendant Soriano has entered a plea of guilty in this case. Doc. 307. Therefore, the Government's motions are moot as they relate to Defendant Soriano.

[5] Doc. 289. The Court also ruled on several motions not relevant to this matter.

[6] *Id.* at 9.

Defendant Morales subsequently filed a Motion for Extension of Time to File Notice of Appeal and Set Discovery Deadline.[7] The Court granted this motion, set the Government's discovery deadline as August 5, 2016, and set Defendant's deadline to file a notice of appeal as August 19, 2016.[8] The Government filed the instant motion for reconsideration on July 15, 2016, and Defendant Morales filed his response on July 21, 2016.

## II. Legal Standard

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, while Fed. R. Civ. P. 59 and 60 govern motions to reconsider dispositive orders.[9] Here, the Court's Orders granting Defendant's motion for discovery, motion for extension of time to file notice of appeal, and motion to set discovery deadline were non-dispositive. Therefore, the Court considers the Government's motion to reconsider under D. Kan. Rule 7.3(b). Under Rule 7.3(b), a motion to reconsider must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[10]

## III. Discussion

### A. Motion for Reconsideration of Court's Order Granting Motion for Discovery

The Government moves for clarification or reconsideration of the Court's Order granting Defendant's motion for discovery. The Government argues that the documents and information that Defendant requested in his motion are protected by the "deliberative process" or work product privileges, are not discoverable under Fed. R. Crim P. 16(a)(2), and that the broad nature

---

[7] Doc. 291.

[8] Doc. 296.

[9] D. Kan. Rule 7.3; *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

[10] D. Kan. Rule 7.3(b).

of the request would place a substantial burden on the Government in producing the requested documents.

The Supreme Court has explained that "work product protects 'mental processes of the attorney,' while deliberative process covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"[11]  The work product privilege applies in criminal cases, and generally protects mental impressions and opinions formed by attorneys and their agents in anticipation of litigation.[12]  The "deliberative process" privilege generally applies in the context of Freedom of Information Act ("FOIA") cases, but has been applied in some criminal cases to documents related to the government's decision to seek the death penalty.[13]  Fed. R. Crim P. 16(a)(2) provides that

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.[14]

The Government argues that the information and documents in paragraphs 1(a), 1(b), 1(d)(i), 2, and 3 of Defendant's motion for discovery are subject to the "deliberative process" or work product privileges, and are protected from discovery by Rule 16(a)(2).  The Government further argues that producing the motions and orders described in paragraphs 1(c), 1(c)(i), 1(d),

---

[11] *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

[12] *United States v. Nobles*, 422 U.S. 225, 238 (1975); *Frontier Refining, Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 702–03 (10th Cir. 1998); *see* Fed. R. Civ. P. 26(b)(3).

[13] *Klamath Water*, 532 U.S. at 8 (explaining "deliberative process" privilege as an exemption to government obligation to disclose information pursuant to FOIA); *Casad v. U.S. Dep't of Health & Human Servs.*, 301 F.3d 1247, 1251–52 (2002) (same); *United States v. Hargrove*, No. Crim.A. 03-20192-CM, 2005 WL 2122310 (D. Kan. Aug. 25, 2005) (holding that deliberative process privilege applied to government documents and manuals reflecting capital charging practices); *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000) (holding that government's "death penalty evaluation form" and "prosecution memorandum" were not discoverable because of deliberative process and work product privileges).

[14] Fed. R. Crim P. 16(a)(2).

and 1(d)(ii) of Defendant's motion "would require the Government to conduct a nationwide search for publicly-filed motions and orders relating to the *Petite* policy, filed within the last five years." The Government contends that such a search of public databases "could take several months and potentially hundreds of hours of labor."

The Court agrees and therefore clarifies its original Order. The documents, memoranda, notes, and emails requested in 1(a), 1(b), and 1(d)(i) would contain the opinions and mental processes of attorneys and agents made in anticipation of litigation. Thus, the work-product doctrine applies to these documents. The "deliberative process" privilege also applies, as these documents would contain advisory opinions, recommendations, and deliberations by government agencies. These documents also are not discoverable under Rule 16(a)(2) because the documents were prepared by a government attorney or agent in connection with the investigation or prosecution of this case. The "deliberative process" privilege and Rule 16(a)(2) would not prohibit production of the facts described in paragraphs 2 and 3. However, disclosing these facts would likely reveal the mental processes and opinions of government agents and attorneys prepared in anticipation of litigation. Thus, work product privilege applies to these facts. Furthermore, the Government has disclosed facts in pleading form supporting a substantial federal interest in this prosecution and showing that this interest remained demonstrably unvindicated after the prior Clark County, Kansas prosecution.[15] Turning to paragraphs 1(c), 1(c)(i), 1(d), and 1(d)(ii), the Court finds that such a search for records outside this case would be unduly burdensome. Additionally, it is unclear how these outside motions and opinions would be relevant to the facts of this case.[16]

---

[15] *See* Doc. 298 at 7–8.

[16] *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

In accordance with its previous Order, the Court recognizes that whether the Government sought *Petite* Policy approval in this case—or whether it was required to seek such approval pursuant to the Policy—may be relevant to a potential appeal of the Court's Order denying Defendant's motion to dismiss. Here, the Government has disclosed in pleading form that it consulted with the Department of Justice and was informed that it did not need to seek *Petite* Policy approval because the Policy is not implicated in this case.[17] Given that the Government has disclosed these additional facts related to its consultation with the Department of Justice concerning the *Petite* Policy, as well as facts supporting a federal prosecution pursuant to the Policy, the Court accordingly clarifies its previous Order and finds that Defendant Morales is entitled to no further discovery related to the application of the *Petite* Policy in this case.

### B. Motion for Reconsideration of Court's Order Granting Defendant's Motion to Extend Time to File Notice of Appeal and Set Discovery Deadline

The Government moves for reconsideration of the Court's Order granting Defendant's motion to extend time to file notice of appeal and set discovery deadline. The Government argues that, contrary to Defendant's assertion, the Court denied Defendant's motion to dismiss on *Petite* Policy grounds, rather than double jeopardy grounds. Thus, the Government contends that the Court's Order denying the motion to dismiss is not subject to interlocutory appeal, and that the August 5, 2016, discovery deadline is unwarranted. Defendant maintains that the Court's denial of his previous motion was made on double jeopardy grounds, and thus the extension and discovery deadline were proper. Because Defendant is entitled to no further discovery, the Court finds that the Government's motion to reconsider the discovery deadline is moot. The Court therefore turns to the Government's motion to reconsider the Court's Order granting Defendant an extension of time to file a notice of appeal.

---

[17] Doc. 298 at 6.

A District court order denying a motion to dismiss on double jeopardy grounds is generally appealable as a final decision where the Defendant can establish a colorable double jeopardy claim.[18]  These orders are appealable because they constitute a complete, formal, and final rejection of a criminal defendant's double jeopardy claim, and because the nature of a double jeopardy claim "is such that it is collateral to, and separable from the principal issue at the accused's impending criminal trial, i.e., whether or not the accused is guilty of the offense charged."[19]  By contrast, an order denying a motion to dismiss on *Petite* Policy grounds is generally not subject to interlocutory appeal, because *Petite* Policy claims are not colorable.[20]  Here, the Government correctly notes that the Court denied Defendant's motion to dismiss on *Petite* Policy grounds, rather than on double jeopardy grounds.[21]  Therefore, the Court doubts whether its Order denying Defendant's motion to dismiss is subject to interlocutory appeal.[22]  Nonetheless, this Court will not prevent Defendant from filing a Notice of Appeal.  And in any event, the Court's Order granting the extension of time to file a notice of appeal addressed only the availability of an extension of time, rather than the appealability of the Order denying Defendant's motion to dismiss.  Because the Court finds no reason to modify its deadline for Defendant to file a notice of appeal, the Court denies the Government's motion for reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion for Clarification and/or Reconsideration of the Court's Order Granting Defendant's Motion for

---

[18] *United States v. McAleer*, 138 F.3d 852, 857 (10th Cir. 1998) (citing *Richardson v. United States*, 468 U.S. 317, 326 n.6 (1984)).

[19] *Abney v. United States*, 431 U.S. 651, 659 (1977); *McAleer*, 138 F.3d at 857.

[20] *United States v. Valenzuela*, 584 F.2d 374, 377–78 (10th Cir. 1978).

[21] Doc. 289 at 2–4.

[22] *See Valenzuela*, 584 F.2d at 378 (denying interlocutory appeal of order denying motion to dismiss on *Petite* Policy grounds because there was "no merit whatsoever to the motion," and motion did not advance "any important right of the defendant," despite fact that order was collateral).

Discovery (Doc. 298) is granted as it relates to Defendant Guillermo Morales. The Court finds that Defendants Morales is entitled to no further discovery related to the application of the *Petite* Policy in this case.

**IT IS FURTHER ORDERED BY THE COURT** that the Government's Motion for Clarification and/or Reconsideration of the Court's Order Granting Defendant's Motion for Discovery (Doc. 298) is denied as moot as it relates to Defendant Soriano.

**IT IS FURTHER ORDERED BY THE COURT** that the Government's Motion for Reconsideration of the Court's Order Granting Defendant Morales's Motion to Set Discovery Deadline (Doc. 298) is denied as moot.

**IT IS FURTHER ORDERED BY THE COURT** that the Government's Motion for Reconsideration of the Court's Order Granting Defendant Morales's Motion to Extend Time to File Notice of Appeal (Doc. 298) is denied.

**IT IS SO ORDERED.**

Dated: July 29, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE